**PEOPLE of the State of Colorado,
Complainant,**

v.

**Richard G. LUXFORD,
Attorney-Respondent.**

**No. 81SA77.**

Supreme Court of Colorado,
En Banc.

April 6, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Martin P. Miller, Littleton, for attorney-respondent.

QUINN, Justice.

A formal complaint was filed with this court alleging three counts of professional misconduct against the respondent, Richard G. Luxford, in violation of C.R.C.P. 241(B), DR1–102(A) and DR5–104(A). The respondent was licensed to practice law in Colorado on February 26, 1944, and previously received a private censure by this court on June 1, 1978 for misconduct.

The first count of the present grievance complaint involves checks cashed by the respondent in March 1978. It alleges that the respondent caused four checks amounting to $1,487.00 to be drawn on a business establishment known as "Two Seventeen" in which the respondent had an interest. The checks were drawn by an employee of the respondent at the latter's direction. Three checks were made payable to the respondent and the fourth was payable to "Two Seventeen". The respondent cashed the checks. All the checks were unpaid due to insufficient funds or a closed account. Count one alleges that the respondent knew or should have known of the insufficiency of funds when he cashed the checks.

The second count of the complaint involves eight checks negotiated by the respondent between November 1975 and January 1976, and also two loans to or for the benefit of the respondent in November 1975 and August 1976. The eight checks totaled $705 and were drawn on the account of Rachel L. Brauns, the respondent's sister. One check was payable to the respondent and the others were payable to Carroll's Aeroplane Club, which was owned and operated by Howard P. Carroll, a client of the respondent. The complaint charges the respondent with negotiation of the checks knowing that there were insufficient funds for their payment.

The two loans were obtained from Western National Bank. The bank loaned $2,014.24 to the respondent and his client, Howard P. Carroll, and made another loan of $3,000 to Carroll. Promissory notes bearing interest at the rate of 11.99 percent per annum were executed for the loans. In both instances Carroll paid over the proceeds to the respondent with the understanding that the respondent promptly would make repayment to the bank. The respondent failed to repay and, after Carroll discharged the loans, he refused to reimburse Carroll.

The third count relates to a loan of $1,000 obtained by the respondent from another client, H. Fulton Peters, in July 1976. The respondent prepared a promissory note for the loan with interest at the rate of 12 percent per annum. In the blank space for the maturity date the respondent inserted the words "I promise to pay." Where the name of the payee should have been inserted, the respondent wrote the amount of $1,000.00. The note was payable on August 16, 1976, but was not paid in spite of repeated demands by the client.

On September 13, 1979, during the course of these proceedings, the respondent was suspended from the practice of law due to a claimed disability of alcoholism. C.R.C.P. 256(C). In November 1979 he obtained treatment for this condition at the Veterans Administration Medical Center in Denver,

Colorado. Thereafter this court found him to be capable of adequately defending himself in these proceedings.

The respondent testified before a hearings committee on October 23, 1980. He admitted the aforementioned allegations and attributed his acts of misconduct to alcoholism and his need for money to support his drinking habit. Since his discharge from the medical facility, the respondent has continued treatment as an outpatient and has not drunk alcoholic beverages at all. Approximately one-half of the restitution due and owing has been paid and the respondent intends to pay off the balance of this indebtedness.

The hearings committee concluded that the respondent's conduct was deceitful, fraudulent and contrary to the highest standards of honesty, justice and morality. While being favorably impressed with the respondent's sincerity in his rehabilitative efforts, the committee was concerned about his pattern of procrastination in the payment of restitution. The committee recommended the respondent's suspension be continued and, at the expiration of one year, the respondent be permitted to request reinstatement upon a showing that he has totally abstained from the consumption of alcoholic beverages, that full restitution has been paid to those from whom money was wrongfully obtained, and that interest has been paid to those to whom restitution is due at the rate set forth in the underlying instruments and, in the absence of designated interest, at the statutory rate. The grievance committee approved these conclusions and recommendations and we hereby adopt them.

The respondent's misconduct violated the highest standards of honesty, justice, and morality. C.R.C.P. 241(B)(4). Such misconduct adversely reflects upon the legal profession and fosters public disrespect for it. It is sufficient to point out here that the respondent violated one or more of the following disciplinary rules in each of the transactions underlying this proceeding:

"*DR1–102 Misconduct*

(A) A lawyer shall not:

\* \* \* \* \* \*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

"*DR5–104 Limiting Business Relations With a Client*

(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

It is ordered that the respondent be suspended from the practice of law. At the expiration of one year from the date of this order the respondent may apply for reinstatement upon a demonstration that he has totally abstained from alcoholic beverages, that he has paid full restitution plus interest to those to whom it is owing, and that he is a proper person to be readmitted to the Bar of Colorado, notwithstanding the previous disciplinary action taken against him. It is further ordered that the costs of this proceeding in the sum of $677.59 shall be paid to the clerk of this court within six months from this date.

ERICKSON, J., does not participate.